```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
SAMMY PAMIAS,                       :
                                    :
         Plaintiff,                 :   Civ. No. 14-1840 (NLH)
                                    :
     v.                             :   OPINION and ORDER
                                    :
GLOUCESTER CITY, et al.,            :
                                    :
         Defendants.                :
_____:

APPEARANCES:
Sammy Pamias, #54533066
a/k/a Erico Colon
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105
     Plaintiff Pro se

Plaintiff Sammy Pamias, an inmate currently confined at the Federal Detention Center in Philadelphia, Pennsylvania, brings this civil rights action pursuant to 42 U.S.C. § 1983 and submits an application to proceed in forma pauperis. However, the final page of Plaintiff's in forma pauperis application is not properly signed or dated by Plaintiff. In all other respects, the Court finds that Plaintiff has submitted a complete application to proceed in forma pauperis. Accordingly, the Court will conditionally grant leave to proceed without prepayment of fees, see 28 U.S.C. § 1915, subject to the condition that Plaintiff must submit to the Court a signed in

forma pauperis application form. The Court will send to Plaintiff a copy of his application, which he is instructed to sign, date and return to the Court within 45 days.

This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course. See 28 U.S.C. §§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

IT IS therefore on this 9th day of ___June___, 2015,

ORDERED that Plaintiff's application to proceed in forma pauperis is CONDITIONALLY GRANTED, subject to the condition that Plaintiff must submit to the Court a signed and dated signature page of his in forma pauperis application form within 45 days of the date of this Order; and it is further

ORDERED that the Clerk of the Court shall send to Plaintiff via regular U.S. mail, a copy of his in forma pauperis application (ECF No. 1-1) so that he may sign, date and return same to the Court; and it is further

ORDERED that the Clerk of the Court shall file the Complaint; and it is further

ORDERED that SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 120 days after the Court permits the Complaint to proceed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of the Federal Detention Center in Philadelphia, Pennsylvania; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a single, monthly 20% deduction, "and the cases and/or appeals that an inmate has filed [sha]ll be paid off sequentially," Siluk, 783 F.3d at 426 (emphasis in original);

<u>i.e.</u>, the first-filed case shall be paid off in full, then the second-filed case, etc., until all fees have been paid in full; and it is further

ORDERED that, with respect to this case, when Plaintiff's fees become ripe for payment in accordance with <u>Siluk</u>, in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2) and each payment shall reference the civil docket number of this action.

       ___s/ Noel L. Hillman_____
       NOEL L. HILLMAN
       United States District Judge

At Camden, New Jersey