UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
SAMMY PAMIAS,                         :
                                      :
        Plaintiff,                    :   Civ. No. 14-1840 (NLH)
                                      :
     v.                               :   OPINION
                                      :
GLOUCESTER CITY, et al.,              :
                                      :
        Defendants.                   :
_____:

APPEARANCES:
Sammy Pamias, #54533066
a/k/a Erico Colon
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105
     Plaintiff Pro se

HILLMAN, District Judge

     Plaintiff Sammy Pamias, formerly a pretrial detainee

confined at the Camden County Correctional Facility in Camden,

New Jersey, filed this civil rights action pursuant to 42 U.S.C.

§ 1983. (ECF No. 1).  On June 10, 2015, Plaintiff's request to

proceed in forma pauperis was conditionally granted subject to

Plaintiff's submission of a signed and dated signature page of

the in forma pauperis application within 45 days (ECF No. 4),

and Plaintiff's Complaint was filed on the docket.  The Court

received a signed signature page of the in forma pauperis

application on or about June 23, 2015. (ECF No. 5).

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). For the reasons set forth below, the Complaint will be dismissed for failure to state a claim.

I.    BACKGROUND

Plaintiff provides little factual information in his Complaint. It is unclear why Plaintiff is incarcerated or the duration of his incarceration. Additionally, he does not explain the charges against him or the status of those charges. In the Complaint, Plaintiff simply alleges that officers from the Gloucester City Police Department and from the Camden County Sheriff's Department illegally entered his home, shot at him, killed his dog, and "tried repeatedly to throw [his] pregnant fiancé on the floor" and dragged her down the stairs. (Compl. 4, ECF No. 1).

In his Statement of Claims section, Plaintiff goes into detail about the events that occurred on the morning of August 26, 2013. Specifically, Plaintiff states that he was awakened

by the sound of his dogs barking and that he went downstairs to let them out.  When he reached the living room area of his home, however, officers stormed his home through the front door. Plaintiff's dog was next to him at this time and the officers shot the dog, which ran upstairs.  Officers then threw Plaintiff to the floor.  The officers proceeded to the top of the stairs where Plaintiff's pregnant fiancé was standing.  Plaintiff states that he pleaded with officers not to hurt his fiancé, but that officers dragged her down the steps and, despite Plaintiff's protests, the officers required her to "lay on her belly." (Compl. 6, ECF No. 1).  Plaintiff states that it was only after she complained of pain that the officers stopped trying to force her onto the floor.  Plaintiff further alleges that some of the officers kicked his dog down the stairs.

Plaintiff states that the officers eventually identified themselves and their purpose for entering his home.  Plaintiff alleges that they made threats and racially charged remarks toward him before taking him to the police station.  There he was questioned for three hours before being taken to the Camden County Jail.

Plaintiff names as defendants: (1) Gloucester City; (2) the Gloucester City Police Department; and (3) the Camden County Sheriff's Department.  Plaintiff seeks compensation in an amount in excess of 5 million dollars for "emotional stress, lost [sic]

3

of home property, endangering [him], [his] unborn child, recklessly shooting family dog for no reason, and violation [his] constitutional rights for illegal use of police force, for the terror [his] fiancé felt, and the humiliation [he] felt." (Compl. 8, ECF No. 1).

## II.   STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556)).  The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

     In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

     In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the

amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in <u>Thomaston v. Meyer</u>, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

III. <u>ANALYSIS</u>

As discussed above, Plaintiff has named as defendants: (1) Gloucester City; (2) the Gloucester City Police Department; and (3) the Camden County Sheriff's Department.

As an initial matter, a police department — or sheriff's department — is not a "person" subject to liability under § 1983. See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); <u>Jackson v. City of Erie Police Dep't</u>, 570 F. App'x 112, 114 (3d Cir. 2014). Therefore, Plaintiff's claims against the Gloucester City Police Department and the Camden County Sheriff's Department will be dismissed with prejudice. See <u>Stewart v. City of Atl. Police Dep't</u>, No. 14-4700, 2015 WL 1034524, at *1 (D.N.J. Mar. 10, 2015) (collecting cases); <u>Gonzalez v. Cape May Cnty.</u>, No. 12-0517, 2015 WL 1471814, at *4 (D.N.J. Mar. 31, 2015) (finding that plaintiff could not sustain separate § 1983 claim against a sheriff's department because it was a subunit of the local municipality).

Rather, the proper defendant for a claim against a police department or sheriff's department is the municipality itself. See <u>Jackson</u>, 570 F. App'x 112; see also <u>Bonenberger v. Plymouth Twp.</u>, 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (Courts "treat the municipality and its police department as a single entity for purposes of section 1983 liability"). To state a claim against

7

a municipality, a plaintiff must allege an unconstitutional policy or custom that would create municipal liability. See Monell v. Dep't of Social Servs. New York City, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff in this case has properly named the municipality, Gloucester City, as a defendant in this action. However, with respect to Gloucester City's involvement, Plaintiff contends simply that it is the "city that employs police dept and officers." (Compl. 4, ECF No. 1). This statement is insufficient to establish liability under Monell. See Hildebrand v. Allegheny County, 757 F.3d 99, 110–11 (3d Cir. 2014) (complaint must plead facts to support Monell liability); McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for Monell claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was").

Instead, the factual allegations of the Complaint relate only to the conduct of the police officers. However, a municipality is not vicariously liable for the actions of its law enforcement officers. Monell, 436 U.S. at 691. Accordingly, Plaintiff's claim against Gloucester City will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff will be permitted to amend his Complaint. Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108; Thomaston, 519 F.

App'x at 120 n.2; Urrutia, 91 F.3d at 453.  In the event
Plaintiff wishes to further pursue his claims under the Fourth
Amendment for excessive force and for loss of property as a
result of the death of his dog, see Brown v. Muhlenberg Twp.,
269 F.3d 205, 209 (3d Cir. 2001), Plaintiff is reminded that
"[a] defendant in a civil rights action must have personal
involvement in the alleged wrongs, liability cannot be
predicated solely on the operation of respondeat superior.
Personal involvement can be shown through allegations of
personal direction or of actual knowledge and acquiescence."
Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)
(citations omitted); Haagensen v. Wherry, No. 14-4301, 2015 WL
4461840, at *2 (3d Cir. July 22, 2015).  Thus, to the extent
Plaintiff intends to base his claims on the officers' conduct,
he must plead fact which demonstrate each defendant's personal
involvement.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's claims against the
Gloucester City Police Department and the Camden County
Sheriff's Department are dismissed with prejudice.  Plaintiff's
claims against Defendant Gloucester City are also dismissed for
failure to state a claim.  Because it is possible that Plaintiff
may be able to amend or supplement his complaint with facts
sufficient to overcome the deficiencies noted herein, Plaintiff

shall be given leave to file an application to re-open accompanied by a proposed amended complaint.[1]

An appropriate Order follows.

__s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: September 22, 2015
At Camden, New Jersey

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.